## O. D. HARRIS v. IRENE C. BEAZLEY ET AL.

**Pleading—Time of Filing Answer and Cross Petition.**

    A pleading filed as an answer and cross-petition after the final decision of the appellate court, and before the mandate had been entered in the Circuit Court, could not be admitted as an answer, and as a petition for review, it is premature until the mandate had been entered.

**Same—Bill of Review—Newly Discovered Evidence.**

    In the absence of an allegation in a bill of review, that evidence, offered to sustain same, might not, by ordinary diligence, have been discovered in time to have been used on the first hearing, it is not error to dismiss the proceedings.

### APPEAL FROM GARRARD CIRCUIT COURT.

December 21, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The pleading filed as an answer and cross-petition, after the case had been finally decided by this court and before the mandate had been entered in the circuit court, could not be admitted as an answer when the case was not open for it; and, as a petition for review, it was premature until the mandate had been entered.

But, waiving these formal objections and, by a liberal construction, considering the document as a bill of review on evidence discovered after the final decree, there was no error in the dismisison of it on the evidence as taken under it.

1. There is neither allegation nor presumption that the supplemental evidence might not, by ordinary diligence, have been discovered in time to have been used on the first hearing.

2. Waiving that irreparable difficulty, the new evidence does not essentially change the case, and, had it been taken before the first decree by the circuit court, the principles on which this court reversed that decree would have led to the same conclusion and reversal.

Wherefore, the judgment is affirmed.

*Dunlap,* for appellant.
*Bradley,* for appellees.